The Kantrow Law Group, PLLC
Attorneys for Elm Limited, LLC.
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
51 703 3672
fkantrow@thekantrowlawgroup.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **9/26/23** |
| EASTERN DISTRICT OF NEW YORK | TIME: **10:30 a.m.** |

-------------------------------------------------------X

In re:                                                                         Chapter 7

18 WEST VIEW DRIVE LLC,                                   Case No: 23-73140-ast

                      Debtor.

-------------------------------------------------------X

## APPLICATION OF ELM LIMITED, LLC
## SEEKING ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(a), 362(d)(1) and 362(d)(4)(B)
## AND GRANTING FURTHER RELIEF

TO:    HON. ALAN S. TRUST
          CHIEF UNITED STATES BANKRUPTCY JUDGE

Elm Limited, LLC, ("Elm"), by its attorneys The Kantrow Law Group, PLLC, as and for its motion for an order pursuant to Sections 105(a) and 362(d)(1) and 362(d)(4)(B) of the Bankruptcy Code modifying the stay with prejudice as to future filings with respect to the property 18 West View Drive, Oyster Bay. New York 11771, represents and states as follows:

1. Elm is a secured creditor in this action by virtue of its holding various real estate liens for the 2018-2019 school taxes and second half of 2019 general taxes represented by a judgment of foreclosure and sale dated January 18, 2023, in the amount of $110,830.35 as of December 20, 2022, exclusive of legal fees, plus additional expenses and interest from that date forward. The total amount due as of June 27, 2023, was $128,167.78. A copy of the judgment of foreclosure and sale is attached hereto as Exhibit "A".

2. On April 17, 2023, John Nathenas ("Nathenas"), one of the owners of the real property commonly known as 18 West View Drive, Oyster Bay, New York (the "Real property")

filed a voluntary petition for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") under case no. 23-71292-las. Elm's foreclosure sale was scheduled for April 18, 2023. On May 12, 2023, Select Portfolio Servicing, Inc. as servicer for U.S. Bank, N.A. (the "Mortgagee") filed an objection to the chapter 13 plan proposed by Nathenas. On May 31, 2023, the chapter 13 trustee, Michael J. Macco (the "Chapter 13 Trustee") filed a motion to dismiss the chapter 13 case. On June 14, 2023, Nathenas' bankruptcy counsel, Richard Jacoby, Esq., filed a letter of no opposition to the Chapter 13 Trustee's motion to dismiss. By Order of the Hon. Louis A. Scarcella dated June 23, 2023, the chapter 13 case was dismissed.

3. On or about August 23, 2023, Mary Nathenas ("Mary") the wife of chapter 13 debtor Nathenas and a co-owner of the Real Property, formed an entity known as 18 West View Drive LLC, ("West View" and/or the "Debtor"), the Debtor in this chapter 7 case. A copy of the New York State Department of State notice of formation of the entity is annexed hereto as Exhibit "B."

4. Again, on August 23, 2023, Nathenas and Mary, as the owners of the Real Property executed a deed which purported to transfer their fee interest in its entirety to West View for no consideration. A copy of the deed transferring their interest is annexed hereto as Exhibit "C."

5. On the very same day, August 23, 2023, West View filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code. The case was filed *pro se*. This chapter 7 filing was to avoid the Elm foreclosure sale scheduled for August 29, 2023.

6. This case has touched upon the "third rail" of consumer bankruptcy law - transfer of property on the very same day of the filing. The Debtor, a newly formed entity, came into

title of the subject property on August 23, 2023, the day of the filing, by way of a no consideration deed from Nathenas, the person who filed the prior petition that was dismissed for failure to prosecute. Mary is the person designated for service of process in the New York State filing.

7. As stated above, the Debtor itself was organized on August 23, 2023, the same day as the no consideration deed transfer of the Real Property was executed and the same day of the filing of the case. Taking into consideration Nathenas prior filing (to be discussed below) it is not difficult to conclude that this filing is part of a scheme and pattern to abuse the bankruptcy process for the sole purpose to delay the inevitable foreclosure sale of the Real Property and not to effectuate any legitimate bankruptcy goals. The acts of Nathenas and this Debtor should not be allowed to frustrate the legitimate relief to which Elm is entitled.

8. The prior chapter 13 filing by Nathenas lasted all of two (2) months and was met with an objection to the proposed chapter 13 plan by the mortgagee. Subsequently, the Chapter 13 Trustee moved to dismiss and Nathenas, represented by experienced bankruptcy counsel, consented to such relief.

9. While the instant case was filed in chapter 7 by a corporate debtor, the formation of a new entity and the "flipping" of the deed demonstrates that Nathenas is willing to go to great lengths to intentionally and fraudulently manipulate the bankruptcy process to cause further delay to the detriment of creditors. This is just the type of case that justifies the extreme relief of *in rem* relief.

10. "*It is well settled that a debtor need not admit to having engaged in a scheme to hinder or delay creditors – the Court can draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, and the timing of those filings. In re Montalvo,*

*416 B.R. 381, 386-87* (emphasis added) (Bankr. E.D.N.Y. 2009). *Courts have consistently recognized that repeated bankruptcy filings made on the eve of successive foreclosure attempts constitute strong evidence of an intent to delay and hinder secured creditors from collection. In re Kearns,* 616 B.R. 458, 467 (emphasis added) (Bankr W.D.N.Y. 2020).

11. Section 362(d) of the Bankruptcy Code states, "on request of a party in interest and after notice and a hearing the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay".

12. Subsection (1) states the stay "can be terminated for "cause". It is submitted that the Debtor's filing, along with the Nathenas' chapter 13 filing, without any true effort to more than avail itself of the stay is "cause" justifying the termination of the stay. See *In re Mori,* 2022 Bankr. Lexis 3285 E.D.N.Y and *In re Kearns,* 616 B.R. 458. Further as set forth below the termination of the stay should provide that future filings under any chapter of title 11 which affects the Real Property shall not invoke the automatic stay.

13. It is well accepted that "one of the primary purposes of bankruptcy is to provide 'honest but unfortunate debtors' with the opportunity to make a 'fresh start'". *In re Dupuy*, 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be 'fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions". *Dupuy*, 308 B.R. at 848-49.

14. "[T]he filing of repetitive bankruptcy cases to forestall creditors from exercising their rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes,* 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In

such cases, *in rem* relief is appropriate in order to allow the creditor to complete its process. *See Gonazlez-Ruiz,* 341 B.R. at 385 (*in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky*, 365 B.R. 260 (Bankr. S.D. Fl. 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

15. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman,* 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); see also *In re Henderson*, 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C. § 105 (a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

16. "*In rem* relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord*, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005).

17. "An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez-Ruiz v. Doral Financial Corp.*, 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006) "An *in rem* order...attaches to the property and prevents the imposition of the automatic

stay *only as to the property at issue* in future bankruptcy filings by co-owners." *In re Keefer*, 2005 Bankr LEXIS 2149 at *11 (Bankr. S.D.N.Y. February 10, 2005). The purpose of *in rem* relief is to prevent "an abuse of the bankruptcy code by multiple debtors acting in concert." *Keefer*, 2005 Bankr LEXIS at *11.

18. In order to grant *in rem* relief "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *Henderson*, 395 B.R. at 901 *quoting In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

19. Here, *in rem*, relief is appropriate because a review of the record demonstrates that the Debtor, and related parties have engaged in a history of serial, tag-team filings, with no intent to complete the bankruptcy process. Doing so constitutes "abuse of the bankruptcy process."

20. [T]he multiple filings are evidence of bad faith and evidence of the fact that the Debtor [and non-debtor] are abusing the bankruptcy process." *Price*, 304 B.R. at 774 (*in rem* relief granted where the Debtor and her husband filed six bankruptcy cases). Thus, *in rem* relief is appropriate.

21. Additionally, while *in rem* relief is an extraordinary form of relief, it has "been granted where 'an ordinary relief from the stay order will not be effective as demonstrated by the prior history of the parties and the property.'" *In re Price*, 304 at 773. As demonstrated by factual history, ordinary relief from the stay has proven ineffective in the attempts to complete the foreclosure process.

22. Based on the foregoing, the record unequivocally demonstrates that there has been a history of serial and abusive filings. As such, an order granting *in rem* relief as to the Real Property

such that any and all future filings by this Debtor or any person or entity with an interest in the Real Property shall not operate as an automatic stay against Elm and its successors and/or assigns is appropriate.

        WHEREFORE, Elm Limited, LLC respectfully requests this Court enter an Order terminating the automatic stay as it applies to 18 West View Drive, Oyster Bay, New York in the proceeding and any proceedings filed under any other chapter of Title 11, together with such other relief as is deemed just, proper and equitable.

Dated:  Smithtown, New York
        August 29, 2023

                                    The Kantrow Law Group, PLLC
                                    Attorneys for Elm Limited, LLC

                    BY:    S/Fred S. Kantrow
                                  Fred S. Kantrow
                                  732 Smithtown Bypass, Suite 101
                                  Smithtown, New York 11787
                                  516 703 3672
                                  fkantrow@thekantrowlawgroup.com